# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: October 04, 2017

Ms. Rafaela Funes
1521 Luton Street
Nashville, TN 37207

Mr. Thomas Lee Henderson
Ogletree Deakins
6410 Poplar Avenue
Suite 300
Memphis, TN 38119

Re: Case No. 16-6163, *Rafaela Funes v. Electrolux Home Products*
Originating Case No. : 3:15-cv-00845

Ms. Funes and Counsel,

The Court issued the enclosed order today in this case.

Sincerely yours,

s/Cheryl Borkowski
Case Manager
Direct Dial No. 513-564-7035

cc:  Mr. Keith Throckmorton

Enclosure

Mandate to issue

<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>

No. 16-6163

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RAFAELA FUNES,                              )
                                            )
      Plaintiff-Appellant,                 )
                                            )
v.                                          )      ON APPEAL FROM THE UNITED
                                            )      STATES DISTRICT COURT FOR
ELECTROLUX HOME PRODUCTS,                   )      THE MIDDLE DISTRICT OF
                                            )      TENNESSEE
      Defendant-Appellee.                  )
                                            )
                                            )

**FILED**
Oct 04, 2017
DEBORAH S. HUNT, Clerk

O R D E R

Before:  McKEAGUE and WHITE, Circuit Judges; HOOD, District Judge.[*]

      Rafaela Funes, a pro se Tennessee resident, appeals a district court judgment dismissing her civil rights complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

      In 2015, Funes filed a complaint against Electrolux Home Products, arguing that her boss terminated her employment based on race.  The district court granted her leave to proceed in forma pauperis and instructed her to file an amended complaint setting forth the factual basis for her claim of race discrimination.  Funes filed an amended complaint written in Spanish, and the district court ordered her to submit a certified translation of the document within thirty days.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 16-6163
- 2 -

Funes initially failed to comply with the district court's order and consequently, the district court dismissed her case without prejudice. Funes subsequently filed a translated copy of her amended complaint in which she claimed that the defendant had mistreated her, discriminated against her, and terminated her employment because she is Hispanic. She also claimed that she had been wrongfully denied workers' compensation benefits after suffering a work-related injury. On December 9, 2015, the district court issued an order construing the pleading as a motion for reconsideration, granting reconsideration in light of Funes's "lack of English-language proficiency," and permitting Funes to file the amended complaint. The district court also directed the clerk's office to send a service packet to Funes for each defendant named in her lawsuit. The clerk's office mailed a service packet to Funes the same day. , Funes submitted a letter to the court on January 19, 2016, apologizing for failing to timely return the paperwork and explaining that she had been unable to retain counsel to assist her with the paperwork.

A magistrate judge issued a report on April 15, 2016, noting that Funes had not served the summons and complaint on the defendant. The magistrate judge instructed Funes to file a statement showing good cause for her failure to serve the defendant within 120 days, and warned her that failure to comply would result in a recommendation that the action be dismissed without prejudice. Funes filed a copy of a document that she had filed with the Tennessee Bureau of Workers' Compensation, but she did not submit a responsive answer to the show-cause order. Therefore, the magistrate judge recommended that the district court dismiss the complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 4(m). The district court noted that Funes did not file objections to the magistrate judge's report, adopted the recommendation, and dismissed the complaint without prejudice.

On appeal, Funes argues that the district court improperly dismissed her complaint for failure to timely serve the defendant because she did not understand the court's instructions regarding the service requirements.

Funes has waived her right to appeal the dismissal of her complaint because she did not file objections to the magistrate judge's recommendation that the district court dismiss her complaint for failure to timely serve the complaint on the defendant. That report expressly

advised Funes that failure to file specific objections within 14 days "can constitute a waiver of further appeal of this Recommendation." "As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

In any event, the district court did not abuse its discretion when it dismissed Funes's case without prejudice for want of prosecution. *See Carpenter v. City of Flint*, 723 F.3d 700, 703-04 (6th Cir. 2013). "It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Id.* at 704. We consider four factors in reviewing the district court's decision to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Here, the magistrate judge's show-cause order warned Funes that failure to comply would result in a recommendation that the case be dismissed without prejudice. Furthermore, after Funes failed to submit a responsive answer to the show-cause order, the magistrate judge recommended dismissal without prejudice, but Funes did not object to the magistrate judge's report. In addition, the district court imposed a lesser sanction of dismissal without prejudice. *See Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

Where a plaintiff is proceeding in forma pauperis, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified them. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). However, as the magistrate judge correctly noted, the clerk's office mailed a service packet to Funes on December 9, 2015, and the completed packet should have been returned within thirty days, which would have enabled the U.S. Marshal to serve

No. 16-6163
- 4 -

process on the defendant.  Funes failed to return the completed service packet or provide good cause for her failure to do so.  Funes did not take any steps to ensure proper service on the defendant.  Funes's appellate argument that she did not timely serve the defendant because she was unable to understand the "court filing regarding [the] service requirements" is unavailing.  In fact, the record establishes that Funes has been able to understand the district court's orders, or have them explained to her, because she has submitted several pleadings in response to the district court's orders instructing her to file an amended complaint and then to submit a copy of her amended complaint in English, as well as pleadings explaining the untimeliness of some of her responses to the district court's orders.  Therefore, her alleged language barrier is insufficient to explain why she did not serve the defendant within the time allowed under Rule 4(m) or her failure to object to the recommended dismissal of her complaint.  Under these circumstances, the district court did not abuse its discretion when it dismissed the complaint without prejudice pursuant to Rule 4(m).

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk